UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MILTON MURRAY,

    Plaintiff,

v.

Case No. 2:05-cv-40
HON. RICHARD ALAN ENSLEN

BARBARA BOUCHARD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Milton Murray, an inmate at the Alger Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendant former Warden Barbara Bouchard in her official capacity. Plaintiff asserts a claim of gross negligence against defendant claiming that the warden must ensure humane treatment. Plaintiff alleges that he informed the warden on numerous occasions that corrections officer Rondeau had been "hacking up phlegm and other bodily fluids as well in my food tray." Plaintiff asserts that he should have been transferred to a new prison a long time ago but Warden Bouchard never responded to his complaints. Plaintiff requests that the warden take a polygraph test. Plaintiff seeks damages of $2,900,000 and two years off his 2008 discharge date.

Presently before the Court is defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for failure to demonstrate exhaustion of administrative remedies. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v.*

*Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Plaintiff has asserted his claim for monetary damages only against Warden Bouchard in her official capacity. Defendant moves for dismissal under the Eleventh Amendment. Defendant argues that this court lacks jurisdiction over this case under the Eleventh Amendment. The Eleventh Amendment bars litigants from suing a state in federal court. When suit is brought against a state official in her official capacity, the case is one against the state and is barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21(1991). Such a suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Id.* (*quoting Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, n.55 (1978)). *See also Kentucky*

*v. Graham*, 473 U.S. 159, 165 (1985).  As a result, the suit is no different from one naming the state itself.  *Hafer*, at 25, (*quoting Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989)).  As the United States Supreme Court explained:  "Indeed, when officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation."  *Id.*

Accordingly, it is recommended that defendants' Motion to Dismiss (docket #8) be granted and this case be dismissed.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated:   December 8, 2005